IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

FS2 CAPITAL PARTNERS, LLC,  :  CIVIL ACTION
:
            Plaintiff,  :
:
   v.   :  No. 14-4933
:
DANIEL J. CHURCH,  :
:
            Defendant.  :
_____:

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                             **JULY 27, 2015**

      Presently before this Court is a Motion for Sanctions filed by Defendant, Daniel J. Church ("Defendant"), and a Response in Opposition filed by Plaintiff, FS2 Capital Partners, LLC ("Plaintiff"). For the reasons set forth below, Defendant's Motion is denied.

**I.      BACKGROUND**

      **A.      Factual Background**

      Plaintiff is a broker-dealer with a principle place of business in Philadelphia, Pennsylvania. Compl. ¶ 2. As stated in the Complaint, the mission of Plaintiff is to provide the investing public with the same access to alternative investment funds as is enjoyed by institutional investors. Id. ¶ 7. To accomplish this mission, Plaintiff employed a creative structure using an investment vehicle called a business development company ("BDC") and created the first non-traded BDC. Id.

      Defendant is a resident of Charlotte, North Carolina. Id. ¶ 3. In September of 2010, Defendant was hired by Plaintiff as a Regional Sales Director. Id. Defendant was employed in

this capacity throughout his tenure with Plaintiff. Id. During the course of Defendant's employment, he entered into an Amended and Restated Registered Representative Agreement ("ARRA"), and a Confidentiality, IP Ownership and Non-Solicitation Agreement ("ACA") with Plaintiff, which contain confidentiality and non-solicitation provisions. Id. ¶ 3. Under these provisions, Defendant is prohibited from associating with a business that competes with, or is in the same business as, Plaintiff or any of its affiliates for a period of six months after his resignation. Id. ¶ 11.

On May 31, 2014, Defendant resigned from his position with Plaintiff. Id. ¶ 17. Shortly thereafter on June 3, 2014, the general counsel for Plaintiff sent Defendant a letter demanding the immediate return of any proprietary information and reminding Defendant of his post-employment obligations to Plaintiff. Id. ¶ 18.

Defendant began working for NexBank on August 18, 2014. (Pl.'s Resp. in Opp'n to Def.'s Mot. for Sanctions, 5 (citing Def.'s Dep., 150: 3-17)). On August 22, 2014, Plaintiff filed suit against Defendant alleging that he breached his legal obligations under his non-compete covenant with Plaintiff. Compl. ¶ 30.

**B.     Relevant Procedural History**

The Complaint alleges that Defendant breached his employment contract with Plaintiff. See Compl. Six days after filing the Complaint, Plaintiff filed a Motion for Expedited Discovery, which Plaintiff asserted was necessary to determine if Defendant's actions warranted immediate and preliminary injunctive relief. (See Pl.'s Mot. for Exp. Disc. at 1.) Through this expedited discovery, Plaintiff sought to understand the full scope of Defendant's job responsibilities at NexBank; specifically, whether Defendant was soliciting sales from Plaintiff's clients and other key information. (Id.) On September 2, 2014, the Court granted Plaintiff's

Motion, and ordered that Plaintiff was granted leave to immediately submit document requests and interrogatories to Defendant.  (Order Granting Mot. for Exp. Discovery, Sept. 2, 2014.)

On September 8, 2014, Defendant filed a dual Motion for Jurisdictional Discovery and to Stay the Court's Order Granting Expedited Discovery.  (See Doc. No. 6.)  An in-court hearing was held on September 10, 2014, in which the parties set forth their legal arguments pertaining to this Motion.  (See Doc. No. 8.)  Subsequently, the Court denied Defendant's Motion on September 11, 2014.  (See Doc. No. 9.)

On September 15, 2014, Defendant filed a Motion to Compel Arbitration and Dismiss the Complaint, or in the Alternative, to Dismiss the Complaint for Lack of Personal Jurisdiction ("Motion to Compel Arbitration").  (See Docs. No. 12.)  At an in-court hearing held on September 17, 2014, the Court denied Defendant's Motion to Compel Arbitration without prejudice, and asserted that such Motion can be filed at a later date after the deposition of Defendant has been completed and more information is known.  (Id. at 31.)  On September 29, 2014, the Court issued a written Order denying Defendant's Motion to Compel Arbitration without prejudice.  (See Court Order Denying Def.'s Motion to Compel, Sept. 29, 2014.)  Defendant appealed this decision to the United States Court of Appeals for the Third Circuit ("Third Circuit") on September 30, 2014.

Later, on November 26, 2014, Defendant filed a Motion for Sanctions against Plaintiff.  The general gist of this Motion was Defendant's belief that sanctions were warranted pursuant to Federal Rule of Civil Procedure 11 because Plaintiff's lawsuit was "baseless," appeared to be filed "solely to harass" Defendant, and "gain confidential business information regarding his (Defendant's) new employer."  (Def.'s Mot. for Sanctions, 1.)  Furthermore, Defendant alleged that Plaintiff intentionally omitted certain key facts related to jurisdiction, withheld the existence

of an arbitration agreement and withheld a possible conflict of interest regarding Plaintiff's counsel. (Id. at 4.) Plaintiff filed a Response in Opposition to Defendant's Motion on December 15, 2014, arguing that Rule 11 had not been violated in any way. (See Doc. No. 32.)

On January 16, 2015, the Court denied Defendant's Motion for Sanctions. See FS2 Capital Partners, LLC v. Church, No. 14-4933, 2015 WL 246339, at *8 (E.D. Pa. Jan. 16, 2015). In this Memorandum Opinion, we concluded that the alleged material misrepresentations averred by Defendant were "factual disagreements," which are "routinely resolved through the litigation process." Id. at *8. Furthermore, we did not agree that the lawsuit was "baseless" or frivolous," but rather, concluded that Plaintiff engaged in a "reasonable investigation" of the facts underlying its claim, and that the Complaint was filed under the "reasonable belief that its claim for breach of contract was well-grounded in fact." Id. at *9. Consequently, the Court denied Defendant's Motion for Sanctions under Rule 11. Id. However, in light of the Defendant's appeal before the Third Circuit, we refrained from determining the jurisdictional issues relating to the arbitration clause.[1] Id. at *8.

On April 17, 2015, more than six months after Defendant filed the appeal with the Third Circuit, Plaintiff agreed to arbitrate the claims. (Def.'s Mot. for Sanctions, ¶ 9; Pl.'s Resp. in Opp'n, 11.) It is the belief of the Court that the parties have proceeded to arbitration as a result of such action. However, this has not ended the matter before this Court.

On June 12, 2015, Defendant filed the instant Motion for Sanctions against Plaintiff and Plaintiff's attorney, Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison"). (See Def.'s Mot. for Sanctions.) In this Motion, Defendant alleges that Klehr Harrison filed a "baseless" suit, misrepresented key facts, omitted material pieces of information (including the existence of a valid arbitration clause governing Plaintiff's claims), and delayed the action for seven months by

---

[1] We address this issue later in this Opinion.

requiring Defendant to appeal the existence of the arbitration clause to the Third Circuit before finally agreeing to arbitrate. (Id. at 1-2.) Plaintiff, subsequently, submitted a timely Response in Opposition refuting these allegations on June 29, 2015. (See Pl.'s Resp. in Opp'n.)

## II.     DISCUSSION

The instant Motion submitted by Defendant asserts two claims for sanctions. First, Defendant seeks sanctions against the law firm representing Plaintiff, Klehr Harrison, pursuant to 28 U.S.C. § 1927. (Def.'s Mot. for Sanctions, 8.) Second, Defendant petitions the Court to utilize its inherent powers to sanction Plaintiff. Each claim is discussed in the following.

### A.     *Sanctions under 28 U.S.C. § 1927*

Under the general principle of law, known as the "American Rule," each party to a lawsuit pays their individual attorneys' fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). However, over time exceptions to this rule have been established, with one such exemption being the federal cost statute, 28 U.S.C. § 1927. In pertinent part, § 1927 states that, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The principal purpose of § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." Zuk v. East. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 297 (3d Cir. 1996) (quoting Beatrice Foods v. New England Printing, 899 F.2d 1171, 1177 (Fed. Cir. 1990)). As such, the imposition of sanctions is reserved for "instances of serious and studied disregard for the orderly process of justice." Ford v. Temple Hosp., 790 F.2d 342, 346-47 (3d Cir. 1986) (quoting Overnite Trans. Co. v. Chicago Ind. Tire. Co., 697 F.2d 789, 795 (7th Cir. 1983)).

A finding of willful bad faith is a prerequisite to an award under § 1927. In re Orthopedic Bone Screw Prods., 193 F.3d 781, 795 (3d Cir. 1999) (stating that § 1927 applies only to conduct of "an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation"). Altogether, the imposition of sanctions under § 1927 requires a finding that the offending attorney: (1) acted in bad faith or through intentional misconduct; (2) to multiply the proceedings; (3) through conduct that can be characterized as unreasonable and vexatious; and (4) which resulted in an increase in the cost of the proceedings. Trauma Serv. Grp., P.C. v. Hunter, MacLean, Exley & Dunn, P.C., No. 99-5979, 2000 WL 764911, at *2 (E.D. Pa. June 12, 2000) (citing Williams v. Giant Eagle Mkts., Inc., 883 F.2d 1184, 1191 (3d Cir. 1989)).

Since the aim of § 1927 is toward promoting the speed and efficiency of the proceedings, costs imposed under § 1927 must correlate to particularized misconduct. See In re Prudential Insur. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002). In cases where the entire litigation was unfounded, fees and costs may be awarded for the entire course of the proceedings. Trauma Serv. Grp., P.C., 2000 WL 764911, at *2.

Defendant's argument for sanctions posits that Plaintiff "knew its case had no merit, and in fact it had no intent to actually pursue such litigation, but instead was merely trying to harass its former employee to make an example." (Def.'s Mot. for Sanctions ¶ 4.) If proven by Defendant, conduct of this nature has been recognized within this Circuit as demonstrating bad faith. See In re Prudential Insur. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d at 188; Ford, 790 F.2d at 347.

A "high standard" guards the imposition of sanctions pursuant to § 1927 to insure "that the provision in no way will dampen the legitimate zeal of an attorney in representing his client."

Baker Indus., Inc. v. Cerberus Ltd., 764 F.2d 204, 216 n.4 (3d Cir. 1984) (citing House Conf. Report No. 1234, 96th Cong., 2d Sess. 8, *reprinted* in 1980 U.S.Code Cong. & Ad.News 2716, 2782). In this case, Defendant has failed to meet this heavy burden, and, therefore, we find that sanctions are not warranted. Specifically, we do not find that the allegations set forth by Defendant indicate bad faith on the part of Klehr Harrison.

Bad faith is a factual determination. Ford, 790 F.2d at 347. The factual basis for Defendant's Motion can be separated into two categories. First, Defendant reasserts the alleged conduct by Plaintiff that has already been ruled on in rejecting Defendant's prior Motion for Sanctions pursuant to Rule 11. See FS2 Capital Partners, LLC, 2015 WL 246339, at *8-9. Since sanctions under Rule 11 involve a less onerous standard than § 1927, it is self-evident that failing to trigger sanctions under Rule 11 would correlate to the same result under the loftier § 1927. Anjelino v. New York Times Co., 200 F.3d 73, 100-01 (3d Cir. 1999) (sanctions under § 1927 require a finding of bad faith; whereas, under Rule 11 no such showing is required).

Defendant's next rationale for sanctions arises from the arbitration clause found in the employment contract between Plaintiff and Defendant. The applicability of this clause has been contested throughout this proceeding, and led Defendant to file an appeal with the Third Circuit to order its enforcement. However, prior to the Third Circuit's ruling on this issue, Plaintiff asked the Court to dismiss the appeal so that the parties could proceed to arbitration. Defendant asserts that Plaintiff's refusal to arbitrate added months to the litigation and argues that this flip-flopping on the matter is sanctionable conduct under § 1927. Plaintiff takes a different view and contends that it "waived its right to litigate in court to focus this case on the merits and avoid the multiplication of proceedings." (Pl.'s Resp. in Opp'n, 11.) Consequently, Plaintiff argues that "there is no basis whatsoever here for sanctions under Section 1927 or otherwise." (Id. at 12.)

The Court does not pretend to know Klehr Harrison's motivation for agreeing to arbitrate Plaintiff's claims. However, it is the Court's view that this fact alone, or in the aggregate with the aforementioned factual assertions, fails to demonstrate bad faith on the part of Plaintiff. Consequently, we deny Defendant's Motion for Sanctions against Klehr Harrison.

> **B.**    *Sanctions Pursuant to the Inherent Power of the Court*

In addition to seeking sanctions pursuant to § 1927, Defendant petitions for the Court to utilize our inherent powers to sanction Plaintiff for its alleged complicity with its attorneys in "taking positions throughout this litigation designed to unreasonably and vexatiously multiply the proceedings in this matter." (Def.'s Mot. for Sanctions, 10.) The aforementioned inherent powers arise from the necessity to exercise the other enumerated powers of the court. See Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1224 (1991) ("It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed within a Court, because they are necessary to the exercise of all others.")

As a general rule, "a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995). In reference to this litigation, a court can utilize its inherent powers to sanction an offending party where the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Fellheimer, 57 F.3d at 1224. However, we reject Defendant's petition and neglect to invoke our inherent powers because Defendant has failed to demonstrate any such "egregious" circumstances.

## IV.     CONCLUSION

For the aforementioned reasons, we find that the Defendant's Motion for Sanctions pursuant to § 1927 and the inherent powers of the Court lacks merit.  Consequently, Defendant's Motion is denied.

An appropriate Order follows.